IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN EDGAR GREENWALD,      )
                                             )
          Plaintiff,           )
                                             )
      -vs-                   )          Civil Action No.  16-500
                                             )
NANCY A. BERRYHILL,[1]      )
COMMISSIONER OF SOCIAL SECURITY,  )
                                           )
          Defendant.       )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act").   Plaintiff filed his application in December of 2012, alleging he had been disabled since December 3, 2011.  (ECF No. 4-5, p. 13).   Administrative Law Judge ("ALJ"), William Stanley, held a hearing on June 10, 2014.   (ECF No. 4-2, pp. 28-66). On November 6, 2014, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act.   (ECF No. 4-2, pp. 15-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Opinion of Dr. Uran

Plaintiff first argues that remand is warranted because the ALJ did not properly "weigh and consider Dr. Uran's medical source statement" of April 20, 2011. (ECF No. 7, p. 12). After a review of the record, I disagree.

The ALJ aptly pointed out that Plaintiff had filed prior applications for SSI, which were denied, and those determinations were final and binding. (ECF No. 4-2, p. 15). As a result, the ALJ found the pertinent period for the current application began no earlier than December 4, 2012. *Id.* Plaintiff does not dispute that date. *See,* ECF No. 7. Thus, the medical source statement of April 20, 2011, predates the relevant application period by more than 1½ years. (ECF No. 4-5, p. 13). Therefore, the medical source statement was not relevant in formulating Plaintiff's RFC. Consequently, I find no error in the ALJ's consideration of Dr. Uran's medical

3

source statement.[2]

## C.     <u>Plaintiff's Mental Residual Functional Capacity (RFC)</u>[3]

### 1.     **Medical Opinion Evidence**

Plaintiff's next argument is that "[r]emand is required because the ALJ failed to cite to any medical opinion in support of his RFC finding." (ECF No. 7, pp. 13-16). In support of the same, Plaintiff argues that the ALJ relied only on his "lay observations and review of raw medical data." (ECF No. 7, p. 13). As such, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and remand is appropriate. *Id.* at pp. 13-16. After a review of the record, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic

---

[2]The ALJ did not completely ignore Dr. Uran's statement. (ECF No. 4-2, p. 19). Rather, the ALJ specifically noted that when he considered the same it was for "historical and contextual purposes only" and was not intended "as a re-adjudication of the previously issued determinations denying benefits." *Id.*

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

techniques and is not inconsistent with the other substantial evidence [of] record," he must give

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a

whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has

explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord
> treating physicians' reports great weight, especially 'when their opinions reflect
> expert judgment based on continuing observation of the patient's condition over a
> prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)
> (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . .
> . the opinion of a treating physician conflicts with that of a non-treating,
> non-examining physician, the ALJ may choose whom to credit" and may reject the
> treating physician's assessment if such rejection is based on contradictory medical
> evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating
> physician is to be given controlling weight only when it is well-supported by medical
> evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14,

2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject

evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500,

505 (3d Cir. 2009).

While it is true that the ALJ in this case gave little weight to Plaintiff's treating source

opinions (ECF No. 4-2, p. 20-22), the ALJ did not ignore the state agency psychological

consultant's opinion as Plaintiff suggests. *See*, ECF No. 7, p. 16. To the contrary, the ALJ

specifically addressed the said opinion and gave it some weight. (ECF No. 4-2, p. 21).

Furthermore, the ALJ attempted to secure more opinion evidence regarding Plaintiff's

mental functional ability due to the limited evidence of record regarding Plaintiff's psychological

functional abilities. (ECF No. 4-2, p. 22). To that end, he ordered a post-hearing examination.

(ECF No. 4-2, p. 22). Plaintiff, however, failed to cooperate "by cancelling the scheduled

examination on three occasions." *Id.* I note that Plaintiff has failed to offer any explanation for

failing to appear at the scheduled appointments. 20 C.F.R. §416.918; *see also,* ECF No. 7. After Plaintiff's failure to cooperate, the ALJ was forced to render an opinion without the same.

I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant," *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). However, it is not a requirement. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015). Furthermore, an ALJ is charged with formulating the RFC based on **all** of the relevant evidence including, all medical evidence or otherwise. 20 C.F.R. § 416.945(a). In this case, the ALJ formulated Plaintiff's mental RFC based on various evidence of record, including medical and non-medical evidence of record including Plaintiff's course of treatment, failure to cooperate,[4] activities of daily living and Plaintiff's work history. After a review of the evidence, I find there is substantial evidence of record to support the ALJ's mental RFC. (ECF No. 4-2, pp. 15-23). Thus, I find no error in this regard. Therefore, remand is not warranted on this basis.

## 2. Dr. Sharbaugh's Opinion

Finally, Plaintiff suggests that remand is warranted because the ALJ erred in rejecting Dr. Sharbaugh's opinion "based on false or speculative assertions." (ECF No. 7, pp. 16-20). In this case, the ALJ gave Dr. Sharbaugh's opinion little weight because: 1) it coincided with a period when Plaintiff was not taking his medication; 2) Dr. Sharbaugh is not a mental health specialist; and 3) Dr. Sharbaugh's opinions were based on Plaintiff's subjective complaints and self-reporting. *Id.* The ALJ also noted that Dr. Sharbaugh's records were inconsistent with the records of Dr. Cassone, Plaintiff's treating psychiatrist, and other evidence of record. (ECF No.

---

[4] An ALJ may find a claimant disabled if a claimant does "not have a good reason for failing or refusing to take part in a consultative examination or test which" the ALJ arranges for the claimant to get information needed to determine the claim. 20 C.F.R. §416.918(a).

4-2, pp. 20-22).   These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   I find the reasons given by the ALJ in weighing Dr. Sharbaugh's opinion were sufficiently explained and supported by substantial evidence of record.   (ECF No. 4-2, pp. 15-23).   Therefore, I find the ALJ did not err in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN EDGAR GREENWALD,           )
                                )
                Plaintiff,       )
                                )
        -vs-                     )        Civil Action No.   16-500
                                )
NANCY A. BERRYHILL,[5]           )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
                Defendant.       )

AMBROSE, Senior District Judge


## ORDER OF COURT

THEREFORE, this 16th day of March, 2017, it is ordered that Plaintiff's Motion for
Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment
(Docket No. 8) is granted.


                            BY THE COURT:

                            s/   Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

5 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing
Carolyn W. Colvin.